FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 29 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALEXIS STEWART,

                Plaintiff,

-against-

DORA SCHRIRO, KELVIN MADISON, JANE
DOE, and CITY OF NEW YORK,

                Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-3613 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Alexis Stewart, currently incarcerated at Mohawk Correctional Facility, brings this action under 42 U.S.C. § 1983 seeking damages resulting from alleged violations of his constitutional rights by Defendants Dora Schriro, Commissioner of the City of New York Department of Correction ("Schriro"); Correction Officer Kelvin Madison ("Madison"); Correction Officer Jane Doe ("Doe") (on duty as a correction officer on August 16, 2012, at the Otis Bantum Correction Center on Rikers Island); and the City of New York (the "City"). (See Compl.) Plaintiff also moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 (Dkt. 2) and for the appointment of counsel (Dkts. 3, 9).

Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons discussed below, his claim against Commissioner Schriro is DISMISSED, and his requests for the appointment of counsel are DENIED. Plaintiff's claims against the remaining Defendants may proceed as set forth below.

1

I.   BACKGROUND

Plaintiff is an inmate at Mohawk Correctional Facility in Rome, New York. He alleges that on August 16, 2012, Defendants violated his constitutional rights while he was incarcerated at the Otis Bantum Correctional Center on Rikers Island. Specifically, he alleges that the individual Defendants allowed another inmate to attack him and "did nothing to prevent it" and failed to provide needed medical attention, and that the State's "failure to train [its] staff through policies" contributed to these violations of his rights. (Compl. at IV.) Plaintiff alleges he subsequently "was sent to punitive segregation for being assaulted with loss of 2/3 good time [and] loss of privileges . . . ." (Id.) Plaintiff further claims that he "received no medical treatment" following the incident. (Id. at IV(A).)

II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and sua sponte dismiss the complaint, or elements thereof, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard of review under § 1915A for prisoners); Liver v. Goord, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is mandatory).

The court notes that pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under §1983, Plaintiff must allege that: (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [Plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Indeed, it is "well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); see also Iqbal, 556 U.S. at 677 ("[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Here, Plaintiff fails to make any allegations against Defendant Shriro, the Commissioner of the New York City Department of Correction, that could suggest she had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights when he allegedly was attacked on August 16, 2012. See Farrell, 449 F.3d at 484. The claim as presently stated against Defendant Shriro is unsupported—and could only be supported pursuant to respondeat superior or vicarious liability doctrines, which do not support liability under § 1983. Therefore, because Plaintiff fails to allege any facts that would allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, the Complaint as to Shriro must be dismissed for failure to state a claim. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

Additionally, Plaintiff requests pro bono counsel pursuant to 28 U.S.C. § 1915(e). (Dkts. 3, 9.) Plaintiff's requests are denied without prejudice. There is no right to counsel in a civil case, and although a person accused of a crime is guaranteed counsel under the United States Constitution, the court cannot compel an attorney to accept a civil case on a pro bono basis. See Mallard v. United States Dist. Court, 490 U.S. 296 (1989); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984).

However, pursuant to 28 U.S.C. §1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." In considering requests for appointment of counsel, the court must first consider whether the Plaintiff's position is "likely to be of substance." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003). Here, Plaintiff has not met the threshold requirement that his claim is "likely to be of substance" at this

4

juncture. Therefore, Plaintiff's request for pro bono counsel is denied without prejudice.[1]

IV. **CONCLUSION**

Plaintiff's request to proceed in forma pauperis is GRANTED, his requests for the appointment of counsel are DENIED, and his Complaint as to Defendant Dora Shriro is DISMISSED. Plaintiff's claims may proceed against Defendants City of New York, Kelvin Madison, and Jane Doe. The Clerk of Court is directed to issue a summons for these Defendants and the U.S. Marshals Service is directed to serve the complaint, a copy of this order, and the respective summonses upon these Defendants without prepayment of fees. A courtesy copy of same shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The court notes that the U.S. Marshals Service will not be able to serve Defendant Jane Doe without further identifying information. The Second Circuit has directed that a pro se litigant is entitled to assistance from the district court in identifying an unknown defendant. Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam). Accordingly, the court directs the Corporation Counsel for the City of New York to ascertain the full name of the individual identified by Plaintiff as Jane Doe, and to provide the address at which this Defendant currently can be served, within 45 days from the date of this Order.[2] Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name and badge number of this officer, and the court shall direct service of an amended summons upon this Defendant.

---

[1] If the claim asserted meets this threshold requirement, the court then considers secondary criteria, "including plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989). The court need not reach these secondary criteria here.

[2] Corporation Counsel need not undertake to defend or indemnify Defendant Jane Doe at this time; this Order merely provides a means by which Plaintiff may name and properly serve all Defendants.

The case is referred to Magistrate Judge Scanlon for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
July 29, 2013